## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RESORT CONFIRMATIONS, INC., d/b/a RCI-Promotions, a Florida corporation, and DANIEL MARSHALL, an individual,<br><br>       Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Wendell H. Stone Company Inc. d/b/a Stone & Company ("Stone & Company" or "Plaintiff") brings this Class Action Complaint against Defendants Resort Confirmations, Inc. d/b/a RCI-Promotions ("RCI-Promotions") and Daniel Marshall ("Marshall" together with RCI-Promotions "Defendants") to stop Defendants' practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by their conduct. Plaintiff Stone & Company, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### PARTIES

1.  Plaintiff Stone & Company is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania. Stone & Company's principal place of business is in Connellsville, Pennsylvania.

2.  Defendant Resort Confirmations, Inc. is a corporation incorporated and existing under the laws of the State of Florida. Defendant Resort Confirmations, Inc. does business as RCI-

1

Promotions. Its principal office address is 5036 Dr. Phillips Blvd., # 161, Orlando, Florida 32819. RCI-Promotions does business throughout the United States, including in the State of Florida and in this District.

3.     Defendant Daniel Marshall is a natural person and a citizen of the State of Florida. Mr. Marshall is the president and secretary of RCI-Promotions whose address is located at 5036 Dr. Phillips Blvd., #161, Orlando, Florida 32819.

## JURISDICTION & VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

5.     The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants reside in Florida, regularly conduct business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

6.     This case challenges Defendants' practice of sending unsolicited fax advertisements.

7.     The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a

private right of action and provides statutory damages of $500 per violation.

8.      Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA. (*See* "RCI-Promotions Fax," a true and correct copy of which is attached hereto as Exhibit A.) The RCI-Promotions Fax promotes the services and goods of Defendants, namely their vacation travel packages.

9.      Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

10.      Unsolicited faxes cause concrete and particularized legal harm and damages to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

11.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA.

12.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives,

contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## FACTS SPECIFIC TO PLAINTIFF STONE & COMPANY

13.     Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. (*See* RCI Promotions Fax, Ex. A.)

14.     The facsimile at issue was transmitted to Plaintiff at 10:09 a.m. on March 28, 2019.

15.     Defendants knew about, profited by, and received the benefits of marketing of their products and are responsible parties under the JFPA.

16.     Defendants created or made Exhibit A, which advertises Defendants' goods or products (namely, their vacation products) that Defendants intended to and did in fact distribute to Plaintiff and the other members of the Class.

17.     The content of Defendants' facsimile advertisement at issue—a purported vacation package for $149 per person for 5 days at an all-inclusive resort—is substantially similar to the packages Defendants advertise on their Facebook page. (*See* "RCI-Promotions Facebook Page Screenshot," attached hereto as Exhibit B.)

18.     Exhibit A is part of Defendants' work or operations to market Defendants' goods or services, which are performed by Defendants and/or on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

19.     Defendant Marshall is the only registered officer and director of RCI-Promotions. Marshall has oversight and control over the day-to-day operations of RCI-Promotions.

20.     Marshall had control and oversight of the drafting and implementation of any and

all of RCI-Promotions' policies and procedures that relate to the JFPA. Additionally, Marshall failed to implement policies and procedures to prevent the unlawful transmission of promotional faxes to individuals who did not consent to receiving them.

21.     Marshall likewise oversaw and controlled the drafting of the RCI Promotions Fax. Further, on information and belief, Marshall was directly involved in the transmission of the faxes to Plaintiff and the Class.

22.     Plaintiff had not impliedly or expressly invited or given permission to Defendants to send the Fax and had no prior relationship with Defendants.

23.     On information and belief, Defendants faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

24.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

25.     Defendants' unsolicited fax advertisements prevent Plaintiff's and the Class's fax machines from being available to receive legitimate business messages while Defendants' faxes are received and processed.

26.     Defendants' facsimile did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because it did not apprise recipients of their legal rights to opt out, the consequences of a failure to properly respond, that all numbers could be opted out, and other required notifications.

## CLASS ACTION ALLEGATIONS

27.     In accordance with Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class

action pursuant to the JFPA, on behalf of the following class of persons:

> All persons in the United States who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent, by Defendants or on Defendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendants claim they obtained prior express permission or invitation to send faxes in the same manner as Defendants claim they obtained prior express permission or invitation to send a fax the Plaintiff.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

29. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

30. Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a. Whether the Defendants sent an unsolicited fax advertisement;

b. Whether the Defendants' fax advertised the commercial availability of property, goods, or services;

c. Whether the manner and method the Defendants used to compile or obtain

the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes;

d.      Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e.      Whether the Defendants sent the faxed advertisements knowingly;

f.      Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g.      Whether the faxes contained an "opt-out notice" that complies with the requirements of § 227(b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h.      Whether the Defendants should be enjoined from faxing advertisements in the future;

i.      Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

j.      Whether the Court should award treble damages.

31.      Typicality (Fed. R. Civ. P. 23(a)(3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Fax sent by or on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

32.      Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)): The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter,

has no conflicts and has retained experienced class counsel to represent the Class.

33. <u>Common Conduct (Fed. R. Civ. P. 23(b)(2))</u>: Class certification is appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and corresponding declaratory relief appropriate. The Plaintiff requests such relief as authorized and appropriate by 47 U.S.C. § 227.

34. <u>Predominance, Superiority, and Manageability (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because: (a) Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings; (b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings; (c) the Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members; and (d) the amount likely to be recovered by individual class members does not support individual litigation.

35. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and this case is manageable as a class action in that: the Defendants identified persons or entities to receive the fax transmission and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages; liability and damages can be established for the Plaintiff and the Class with the same common proofs; statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner; a class action will result

in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense; a class action will contribute to uniformity of decisions concerning the Defendants' practices; and as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## FIRST CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq*

36.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.     The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

38.     The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

39.     The faxes sent by Defendants advertised Defendants' vacation packages, were commercial in nature, and are advertisements under the TCPA.

40.     Plaintiff and the other class members never gave prior express consent to receive the faxes.

41.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § 227(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements").

1.      a statement that the recipient may opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.      a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.      a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines;

The requirement of (1) above is incorporated from § 227(b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § 227(b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § 227(b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § 227(b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to

comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the faxes nor can the sender claim the exemption from liability contained in § 227(b)(C)(1) of the Act.

42.    **The Fax.** Defendants sent the RCI-Promotions Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The RCI-Promotions Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the RCI-Promotions Fax because the faxes fail to apprise recipients of their legal right to opt out, fail to identify the consequences of the sender's failure to honor an opt out request within 30 days, fail to provide a cost free means of opting out and fail to notify individuals that they may opt out of having faxes sent to any of their fax numbers. The RCI-Promotions Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation based on any established business relationship because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder, by sending the RCI-Promotions Fax via facsimile transmission to Plaintiff and members of the Class.

43.    **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. Plaintiff is

informed and believes, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

44.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act as well as for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides for injunctive relief where appropriate. *Id.*

45.     The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; (b) the faxes constituted advertisements; and (c) the faxes did not apprise recipients of their legal rights to opt out.

46.     The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's fax machine. The Defendants' faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendants' faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

47.     Plaintiff demands on its own behalf and on behalf of the class members $500 per fax, to be trebled if willfulness is found. Plaintiff also requests injunctive and corresponding declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stone & Company, Inc., on behalf of itself and the Class, prays for the following relief:

1.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Stone & Company as the representative of the Class and appointing its attorneys' as Class Counsel;

2.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater to be paid into a common fund for the benefit of the Class Members;

3.     An order enjoining Defendants from further violations, and otherwise protecting the interests of the Class;

4.     An order declaring that Defendants' faxes are advertisements, that Defendants sent the faxes without obtaining prior express permission or invitation to do so, and that the faxes fail to contain required opt out language;

5.     An award of pre- and post-judgment interest;

6.     An award of reasonable attorneys' fees and costs to be paid from the common fund; and

7.     Such further and other relief the Court deems reasonable and just.


*[the rest of this page is intentionally left blank]*

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: November 14, 2019

WENDELL H. STONE COMPANY, INC.,
individually and on behalf of all others
similarly situated,

By:   /s/*Ryan S. Shipp*
One of Plaintiff's Attorneys

Ryan S. Shipp
Florida Bar ID 52883
*ryan@shipplawoffice.com*
Law Office of Ryan S. Shipp, PLLC
814 Lantana Road, Suite 1
Lake Worth, Florida 33462
Tel: (561) 699-0399

*Counsel for Plaintiff and the Putative Class*